## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL ATTAWAY,                            )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        Civil Action No.  25-01449 (UNA)
                                            )
                                            )
COLIN STERLING BRUCE,                       )
                                            )
                    Defendant.              )


## <u>MEMORANDUM OPINION</u>

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis* (IFP), ECF No. 2.  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of Robinson, Illinois, sues in his personal capacity U.S District Judge Colin Sterling Bruce who sits in the Central District of Illinois.  Compl. at 2.  Plaintiff seeks damages, injunctive relief, and "a criminal investigation into" Judge Bruce "for his unlawful conduct as detailed below."  Compl. at 1.  The conduct concerns Judge Bruce's rulings that include an order directing Plaintiff to pay a partial filing fee "for each of [his] 18 active lawsuits in the Central District of Illinois" and an order striking "nearly all of Plaintiff's filings from the record— including critical motions and evidence that exposed the fraudulent conspiracy," which Plaintiff allegedly "worked collaboratively in exposing[.]"  Compl. at 2; *see* ECF No. 1-1, Ex. A (Order striking motions "as improperly filed"); Ex. B. (Order denying IFP motions and ordering payment of a reduced filing fee of $200 per case).

Plaintiff's claims are: Count I - Obstruction of Justice, Count II – Retaliation, and Count III – Abuse of Judicial Power.  *Id*. at 3-4.  He seeks "compensatory damages in the amount of $5,000,000 for the emotional distress, financial harm, suppression of evidence, and obstruction of justice caused by Judge Bruce's actions" and $10 million in punitive damages "to punish Judge Bruce and deter future misconduct by public officials."  *Id.* at 4.  In addition, Plaintiff seeks "an injunction to prevent further harm by blocking the requirement for [him] to pay any filing fees related to his active cases and to reinstate all previously struck filings and evidence." *Id.* 5.  But this district court lacks jurisdiction to review the decisions of another federal court and compel it to act.[1]  *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (collecting cases); *Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) (citations omitted).

A court "shall dismiss the case at any time" it "determines that . . . the action . . . is frivolous" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i), (iii).  A "complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  Here, Judge Bruce is absolutely immune because the complaint is predicated on his decisions rendered in cases within his jurisdiction. *Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  Thus, the complaint is "patently frivolous."  *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x. 1 (D.C. Cir. 2011); *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (deeming "meritless" an

---

[1]  Because Plaintiff presumably has an adequate remedy at law via appeal of a final judgment, he is not entitled to the injunction he seeks from this action.  *See Klayman*, 49 F.4th at 553 ("It 'is the basic doctrine of equity jurisprudence that courts should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable  injury if denied equitable relief' ") (quoting *Younger v. Harris*, 410 U.S. 37, 43-44 (1971) (ellipsis in original)).

action against "federal judges who have done nothing more than their duty").  Consequently, this case will be dismissed by separate order.

_____/s/_____

TIMOTHY J. KELLY

United States District Judge

Date:  July 21, 2025